Good morning, everyone. The first argued case this morning is number 172181 Cook against Wilkie. Ms. Thomas. Thank you, Your Honor, and may it please the Court. The decision of the Veterans Court in this matter should be set aside because 38 U.S.C. Speak up a little bit. I apologize, Your Honor. Thank you. The decision of the Veterans Court in this matter should be set aside because 38 U.S.C. Section 7107B does not require the Board of Veterans Appeals to grant upon request a new hearing, an additional hearing, every time the Veterans Court remands a case. Well, it's ambiguous, isn't it? And you've got, even though we have de novo authority over decisions of the Veterans Court, that's a specialized court. They had a three-judge panel that unanimously found against you. You've got a pretty uphill battle. We don't believe the statute is ambiguous, Your Honor. In fact, there's been no reading of the language of the statute taken as a whole set forth by the Veterans Court or Mr. Cook or the amicus nova that both contends with all of that language as a whole and puts forth a result that the court reached here. The statutory language refers to only two activities of the Board. On the one hand, deciding any appeal, and on the other hand, affording the appellant an opportunity for a hearing. Is the precise language of the statute? Do you want to read it to us? I can just recite it. The Board shall decide any appeal only after affording the appellant an opportunity for a hearing. As I was saying, that language describes two activities, deciding any appeal and affording an opportunity for a hearing. Before a decision, isn't that the word? No, not before a decision, Your Honor. Before deciding any appeal. The requirement the statute sets forth is simply that the one activity, affording the appellant an opportunity for a hearing, must precede in time the other activity, deciding any appeal. So long as the Board observes that required chronology, it meets the plain language requirement of the statute. You're saying even with a remand, it's the same appeal? I'm sorry, Your Honor. Even with a remand, it's the same appeal? Yes, Your Honor, and that's required both by the statutory and regulatory framework that governs the appeal process and by the precedence of this court interpreting what constitutes an appeal to the Board. But when there's a remand from the CAVC, the Board decision is vacated and a new decision is required under the precedent of the CAVC. It's true that the Board is deciding the appeal again. No, a new decision is required. Yes, it's a new decision, but the statute doesn't require a hearing per decision. The statute simply requires... Before deciding. So if you've had a decision and the decision has been torn up and thrown away, vacated, and you're starting fresh. No, Your Honor, you're not, because while the decision... You could be. Well, that would be quite anomalous in light of the manner in which courts normally handle, in any court system, handle remands. If we vacate a decision and remand a case, we call for a new decision. A new decision. Yes, Your Honor, but not necessarily a new trial or a new evidentiary hearing. I know that, but the statute says before deciding. So let's come back to the point that Judge Lurie made, suggesting that there is an ambiguity here in the statute. Yes, Your Honor. There's an ambiguity in the statute, and the Secretary hasn't promulgated a regulation. So you have no regulation to stand on to point to for an interpretation. You don't have a consistent past practice to point to. You have an argument in this case, a litigation-driven argument for an interpretation. And the CAVC rejected your interpretation as a litigation-driven interpretation with no regulation and no history behind it. As an initial matter, Your Honor, the Veterans Court didn't... And so in that setting, and you've waived, you're not making any deference argument on appeal. We're not making a deference argument, Your Honor. But you're making a fresh statutory interpretation argument on appeal. We are, Your Honor. The Veterans Court did not find that the VA's position below was not entitled to deference, because it didn't correctly characterize the VA's position. The Veterans Court incorrectly stated that the VA's position was that the statute bars a hearing. Why does that matter for the issue in front of us, which is the correct interpretation of the statute, with the Secretary having no regulation to stand on, no past consistent practice to stand on, but just a fresh argument out of the box? Because I think it matters... That doesn't take account of Gardner v. Brown. Well, because, Your Honor, I think it matters why there is no longstanding, precise practice on this particular question, because the Board had no reason to think that this statute provided the rules of it. There are cases. I mean, we found cases. There are lots of cases from the past where there have been remands  Your argument is that all that's just fine and dandy, but it should be purely discretionary in the hands of the BVA. But you give us no constraints on that discretion? There are constraints. You haven't suggested any in your brief what the contours of that discretion would be. And as you well know, the CAVC reminded you, in its opinion, that you can promulgate a regulation. As a matter of fact, if you look at what's happened since a new statute has been enacted, this speaks of a hearing in the first instance. It's self-ambiguous. And the Congress asked you to promulgate a regulation to interpret that statute, and you haven't done so. Actually, regulations have been promulgated to interpret the new statute, Your Honor. In August of this year, the Secretary sent the word. August of this year? Yes. Thank you. But the issue here, Your Honor, is, returning again to the language of the statute, that we don't believe that the Board had any reason to think that the statute required a hearing as a matter of right upon the remand of any case from the Veterans Court to the Board. Therefore, there was no reason for the Board to issue a policy or a regulation stating that the statute does not require a hearing as a matter of right. Frankly, the problem here is that the Veterans Court mistook silence in the sense that the statute simply doesn't address this particular issue for ambiguity. There is no ambiguity in what the statute requires. In fact, the Veterans Court recognized that the plain language interpretation of the statute is simply that the Board must afford at least one opportunity before deciding an appeal. It said what is not clear from the language of the statute is the result that the Veterans Court reached. And that's said twice in the course of the opinion on Appendix Page 13 and Appendix Pages 9 to 10. The problem is that the Veterans Court assumed that this statute should answer the question that the Veterans Court had. But there's simply nothing in the language or the history of it to indicate that it was intended to govern in these circumstances. So your position is that whatever the BVA decides on remand, that ends it? Absolutely not, Your Honor. Our position is that the VA, the Board on remand, has to consider the circumstances, the request for a hearing, and any reasons provided for the request for a hearing, and has to use what generally will probably be a good cause standard, which is the standard used by the Board to decide a number of motions that are considered to be within the Board's discretion, such as whether to grant an additional hearing after an appellant has missed the first one. And determine whether, in those circumstances, a new hearing should be granted. If the appellant appeals that determination to the Veterans Court, the Veterans Court is entitled to review that determination to decide whether the explanation justifies the result reached within an adequate level of deference. That's similar to the same approach that, for example, appellate courts take to reviewing the decisions of district courts when they decide, for example, discovery disputes, which are necessarily very fact-specific, and there aren't usually specific bright-line rules determining what results should be reached, but nevertheless the courts of appeals have no trouble deciding when the court has abused its discretion or when the result is within the court's discretion. So we're in no way suggesting that the Board would have unfettered discretion to do whatever it wanted. That's certainly not the case. In fact, and we don't believe that this would be necessary, but we do think that the statute could, in narrow circumstances, require an additional hearing if there were, for some reason, a development in an appeal that somehow nullified the prior hearing or rendered it inadequate. So, for example, if something's changed so fundamentally in the applicable legal standards between the beginning of the appeal and some later point, such that the appellant couldn't have known what would be relevant, couldn't have known what testimony he needed to present, then probably there would be a strong argument that the statute itself would require a new hearing. But we don't think that it would be necessary for the Veterans Court to reach that kind of result when reviewing a decision to deny a hearing because, again, it would have what would be functionally a more stringent standard in being able to review that decision for arbitrary, capricious, or abusive discretion. Well, let's hear from the other side. Thank you, Your Honor. Mr. Carpenter. May it please the Court, Kenneth Carpenter appearing on behalf of Mr. Warren Cook. Mr. Cook, in his brief to the Veterans Court, argued specifically that the denial of a hearing was a denial of due process. The Veterans Court asked for supplemental briefings specifically to address the question of whether or not the statute in this case did or did not address the issue. The Veterans Court correctly determined that the statute did address the issue. But the statute provides for a hearing in an appeal. It does, Your Honor. Even on the remand, it's the same appeal, isn't it? So he's had a hearing. I don't believe that's correct, Your Honor. It is the same number for the appeal, but it is a different appeal. Aren't the facts the same? I beg your pardon? Aren't the facts the same? Well, they may or may not be, because as in this case, additional facts were developed on remand, and it was those additional facts that Mr. Cook sought to have an opportunity to comment on. So you're saying when there's a remand, it's because there's a new issue in that? Well, not necessarily. He sought to create an opportunity for a hearing. I'm not saying that categorically, but I am saying that specifically in this case, and I am saying that the rule that was adopted by the Veterans Court gives the flexibility for the veteran to seek a hearing after he or she has already been afforded a hearing when the case comes back on remand from the court, and that it is vitally important for the veteran to have the opportunity afforded to him or her by Congress to have a hearing. Congress said that there would be a hearing before the decision was made on the appeal. This is a new appeal in the sense that the appeal that was originally brought was denied. That denial was vacated. That denial allowed the appellant another opportunity to have another appeal proceeding before the board, and in that appeal proceeding, Mr. Cook had developed additional evidence and wanted an opportunity to extrapolate or to expound upon that evidence, and he would do that in a hearing the same way he would do that on a hearing on the way up, and there simply is no reasonable basis for the government's position that the statute should be interpreted in another way. In fact, the government has, at least as I read their brief and have heard their argument, articulated no legal error that was committed by the Veterans Court in arriving at its decision, and therefore this case should be summarily affirmed by this panel because no error has been articulated. As Judge Clevenger said, essentially what the government is asking for is for this court to take a fresh look. They want this court to take a new look at the interpretation, but without affording this court with any assertion of clear error in the interpretation arrived at by the Veterans Court. You don't really mean a summary affirmance, Rule 36 with no opinion. You'd like a precedential holding interpreting the statute. That certainly would be my preference, Your Honor. However, I believe that without an assertion of error by the government that there is nothing for this court to do. Well, the government is asserting error. They're disagreeing with the interpretation that the CAVC put on the relevant statute. They're saying the statute should be interpreted to say that any veteran gets a hearing and then gets any subsequent hearing based on an exercise of discretion that's essentially for good cause. Am I understanding you today, Mr. Carpenter, to be embracing the decision of the CAVC? Yes. I wasn't certain that was because your position below is slightly different, but we don't have to argue about that. Am I correct that typically and based on precedent from the CAVC itself, when the CAVC vacates a decision of the board, they are calling for a new decision? They absolutely are, Your Honor. And that the only way that a force and effect of the previous decision that was vacated is gone? Is gone. Now, there are circumstances in which part of a decision can be affirmed and part of the decision can be vacated and remanded. And so it would be limited to that portion that was vacated and remanded. But as a general proposition, I believe you stated exactly correctly. And therefore, under the statute, we're going back to, as it were, the beginning of the appeal in order to have the appeal re-adjudicated. And the re-adjudication of an appeal following a remand from the Veterans Court is no different. But just for purposes of statutory language, if there has been a pure vacator, then the appeal hasn't been decided. That's correct, Your Honor. There is no final. The appeal was decided. The decision was taken away. It has not been decided. So under your reading of the statute, and as I understood the CAVC's reading, was that a remand situation from the CAVC, at least, there has not been a decision on the appeal. And therefore, you are entitled to a hearing. That's correct, Your Honor. And that the government's position… I'm right, am I not? That if this court were to agree with the CAVC that the statute is ambiguous, although this statute has been supplanted, there are still lots of cases pending. If the Secretary wanted to promulgate a regulation asserting its interpretation of the statute, it would be free to do so. Of course, that could be challenged, but they could do that. That would be correct, Your Honor. And there is no regulation that is reliable. The history of this is, to me, unfortunate because the statute we're dealing with emanated in a regulation many, many years ago. And the Congress said, well, veterans should be entitled to more than a regulation. They should have a statute. The regulation itself, in my judgment, was ambiguous, the old one. And so Congress gave us an ambiguous statute in place of that and then didn't bother to interpret it, the agency. Correct. That's, to me, the unfortunate situation we're in is that there hasn't been an interpretation previously that was promulgated in the way that we expect interpretations to be promulgated through notice and comment rulemaking. And as a consequence, the problem that the government is facing now because of this decision is a problem of their own making or their failure to… It's a CAV accident, perhaps. Well, it seems to me, Your Honor, that the government has taken the position consistently that they can do things by caveat, by their determining that this is the way in which things will be done, including not having an opportunity for a second hearing, rather than taking their responsibility as administrators to promulgate a regulation. Well, Mr. Carpenter, in fairness to the agency, I mean, as we all know from the briefing, there are thousands and thousands and thousands of cases in the backlog. And part of the difficulty here is to try to find an expeditious way to have veterans' claims properly heard and adjudicated. And I believe that that very point, Your Honor, goes to the essence of the statutory interpretation in this case. Does a veteran have a right when the case is returned from the Veterans Court to have a second hearing? And the veteran certainly has a right under this statute to have that second hearing. And more importantly, he or she has that right as a matter of due process. It is simply not due process to deny, as the board did in this case, a unilateral rejection, an arbitrary rejection. How important is Garner v. Brown to your argument? Garner v. Brown is the Supreme Court's view that in matters of statutory interpretation, if you will, if there's a benefit of a doubt in interpreting the statute, the doubt should be tipped in favor of the veteran. And I believe under that canon of construction that the statute was— Do you think you need Garner v. Brown in your case here to prevail? Not based upon what the lower court did. But I do believe if this were a fresh look and this court was taking a fresh look, that this court should apply the rule in Garner v. Brown. Well, the lower court mentioned Garner v. Brown. They did. But the government did not. Do you think Garner was gratuitous? No. No, I do not believe so, Your Honor. But in my view, the correct way is to start with Garner and not start with Chevron. That the correct way is to look at this under the canon of construction for veteran statutes and regulations. And that every veteran statute and regulation should be interpreted by this court and by the court below in the light most favorable to the veteran. And in that context, the light most favorable to the veteran is to be afforded a hearing upon remand. Unless there's further questions, I'll see my remaining 30 seconds to my— Thank you, Mr. Carpenter. We'll hear from Mr. Niles. May it please the court. I'll address two of the reasons why the Veterans Court's decision must be affirmed. The first is the plain text of Section 7107B. And the second, which is in the alternative, is the Supreme Court's decision in Brown v. Gardner. And I will begin with the—with the 7107B's plain text. Which, to repeat, is that the board shall decide any appeal only after affording the appellant an opportunity for a hearing. Much of the focus of this matter is on the phrase, decide any appeal. 7107B does not define those terms, and there is no dispute that when Congress does not statutorily define a term, that it intends for the terms common and ordinary meaning to control. And so I'm going to step through very quickly the common and ordinary meanings of decide any—an appeal and how they fit into 7107B. The common and ordinary meaning of decide is to determine after consideration of the facts in the law. The Secretary now concedes this. The common and ordinary meaning of appeal is the submission of a lower court's or agency's decision to a higher court for review and possible reversal. And the Secretary now concedes this as well. Do you think unremanded becomes, in effect, a new appeal? Yes, Your Honor. And there's a distinction in Veterans Law between substantive appeal and appeal. And certainly unremanded is a new submission to the board of a lower court's or agency's, that being the regional office's, decision for review and possible reversal. And there is a case, Fletcher v. Derwinski, I-1 Vet App 394, which is from a Veterans Court case, but it does provide persuasive authority affirming that. And for the reasons that Nova has briefed, the common and ordinary meaning of any is simply every. And the Secretary does not really dispute that either, but attempts to evade its consequences through what is a strawman argument. The Secretary cherry-picks one of what is several dictionary definitions of every and says that that, which is Definition 1B, creates logical tension in Section 7107B. But what the Secretary does not mention is that in the same dictionary, Definition 1A of every is each individual or part of a class or group, whether definite or indefinite number, without exception. And that makes perfect sense in 7107B, which again provides that the board shall decide, or that is determine, after consideration of the facts in the law, any, or that is every, or each individual without exception, appeal, or that is submission of a regional office's decision to it for review and possible reversal, only after affording the appellant an opportunity for a hearing. Well, the board said, for the purpose of submitting additional evidence. Yes, Your Honor. So is the statute limited to submitting additional evidence, or is that what all remands are about anyway? Certainly a purpose, not all remands are for the purpose of submitting additional evidence, but certainly in those circumstances they would suffice to trigger the opportunity for a new board hearing. Whether or not it's necessary, it would suffice. And so what 7107B does is unambiguously require an opportunity for a board hearing on every, or each individual without exception, submission of a regional office's decision to the board for review and possible reversal, whether that submission is on initial consideration of the substantive appeal, or after a remand back down to the regional office in return to the board, or as here. What happens if a CAVC remands a case to the BVA to recalculate, make a recalculation of an arithmetic equation to provide the correct number for the benefits? And they remanded. I can imagine that happening. There's an error in the calculation. The veteran said, I'm supposed to get X amount a month, and the BVA said, no, you get X minus. And so they bring the appeal up to CAVC, and the CAVC says, the veteran, you're right. We remand the case. In that case, does the remand call for a vacater? Yes or no? Your Honor, I would say yes. It's a new submission to the board of interview of the regional office. It would be a new appeal for purposes of 7107B, but this court would not need to reach. It's just a matter of the CAVC says, well, you added the numbers up wrong. And if Your Honor disagrees with me, I will note that this court does not need to reach the circumstances here. The circumstances are not. I'm trying to pressure you a little bit on whether or not every remand should get another hearing. And the veteran says, I want to have a hearing, because I like to go to hearings. I feel good about going to hearings, get to wear my medals and whatnot. And Nova's position is that this court does not need to map the outer contours of 7107B, because certainly here we're well within it, where there, in fact, has been an intervening remand back down to the regional office and returned to the board. Let me ask you another question. You are here to embrace the decision of the CAVC, as is Mr. Carpenter. So you're asking us for a straight affirmance. And, Your Honor, I do see that my time has expired. I assume you'd like me to answer your question? I think, am I correct, am I not? I mean, you urge affirmance. Your Honor, we do urge affirmance. However, they are on slightly different grounds than the Veterans Court's decision sets forth. Nova has the position that 7107B is unambiguous, and that its plain text requires that Mr. Cook receive an opportunity for a new board hearing on remand, and this court does not need to consider any other issue. So if we disagree with you and we believe the statute is ambiguous, then we would be in a position with Mr. Carpenter. Then let me ask you this. If the CAVC had, instead of interpreting the statute the way they did, which was to say every remand gets another hearing, gets a hearing if you ask for it, if they had adopted the government's position that the government is espousing here now, would that have been an unreasonable interpretation of the statute? Yes, Your Honor. Assuming that the statute was ambiguous. Yes, Your Honor. And that involves the second reason I was going to address for affirmance, which is the Supreme Court's decision in Brown v. Gardner, which requires that any interpretive doubt be resolved in favor of Mr. Carpenter. But, I mean, the CAVC would have said we are interpreting this, we're giving credit to the Veteran, because a Veteran can get another hearing whenever there's good cause shown, they can get as many as they want. There's no limit. On the government's theory, there's no limit to the number of hearings that can be afforded a Veteran, one as a right, as many after that as are necessary to properly adjudicate the claim. I see, Your Honor, but the problem with the government's position is that, although it characterizes a plain text argument, it really focuses on what the Secretary would like for 7107B to do, and is not linked to what 7107B actually says, and getting from A to B is a real problem for the Secretary, because it requires essentially amending the statute from saying decide any appeal, the Board shall decide any appeal, only after affording the appellant an opportunity for a hearing, to initially decide or finally decide a substantive appeal. And those are terms that appear in the same chapter, in the same title of the U.S. Code as 7107B. Anything else you want to add? No, thank you, Your Honor. Thank you very much. Thank you. Thank you, Mr. Niles. Thank you. Ms. Thomas? I'll give you a photo rebuttal time. Thank you. There is absolutely no authority, whether statutory, regulatory, or jurisprudentialist, supporting the notion that a new appeal is initiated every time that the Veterans Court remands a case to the Board of Veterans Appeals. In fact, it is very clear from the cases of this Court, including Barrera, and Grantham, that what starts a new appeal is the submission of a jurisdiction conferring notice of disagreement. There is no such notice of disagreement submitted just upon a remand from the Veterans Court. Therefore, there is no basis for finding that a new appeal has been submitted. If the word appeal were to be redefined in such a fashion, it is a very commonly used word throughout Veterans statutes and regulations, it would have wide-ranging and very negative repercussions for the way the system works, including how appeals are docketed and, therefore, the order in which they're heard. Second, it doesn't matter whether the Board is called upon after a remand to decide the case anew. The statute only requires that a hearing or opportunity for hearing have been provided before that point, which it has been at the outset of the appeal and the same appeal. The vacator of the decision doesn't vacate the prior hearing. Lastly, the Court has suggested that the Secretary could simply promulgate a new regulation if the Court were to affirm the decision of the CAVC. And while it's true that the Veterans Court suggested that its decision could be overcome by a regulation, the Court also said that it was divining the will or the intent of Congress, and we're not sure how we could promulgate a valid regulation if the intent of Congress, as interpreted by the Court, was that there must be an additional opportunity for a hearing on request after every remand. For all of these reasons, Your Honors, we respectfully request that the decision below be set aside in this matter, remanded for this decision on the remainder of the appeal. Thank you. Any questions for Ms. Jones? Thank you. Thank you all. The case is taken under submission.